**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**DONALD ATKINSON**                                                                                    **PLAINTIFF**
**Reg # 23588-044**

v.                                    **CASE NO.: 2:07CV00009-SWW/BD**

**LINDA SANDERS,** *Warden,*
*FCI-Forrest City, Arkansas*                                                                            **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.    Discussion:**

On January 23, 2007, Plaintiff, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (docket entry #1) and paid the $5.00 statutory filing fee in full. The Court converted his case to one brought under 42 U.S.C. § 1983, challenging a condition of Plaintiff's confinement (#3). On July 5, 2007, Plaintiff was granted leave to proceed *in forma pauperis* and was ordered to file an Amended Complaint within 30 days (#6). Plaintiff was notified that failure to comply with the Court's order could result in dismissal of his case.

On November 28, 2007, the Court dismissed Plaintiff's case for failing to comply with the Court's Order (#20). On December 5, 2007, Plaintiff filed an Amended Complaint in this matter (#23). The Court then reopened the case and vacated the Order of dismissal (#26).

Defendants Linda Sanders, Matt Miller, Jim Lee, Cross, K. Norman, K. Hunter and Richard Wells have now filed a motion to dismiss based upon lack of service (#41). In the motion, Defendants argue that, although the docket indicates that a summons was returned executed on the United States Attorney on January 10, 2008, the individual who accepted the summons was not employed by the United States Attorney's Office for the Eastern District of Arkansas and was not entitled to accept service on behalf of the United

States Attorney's Office.[1]  Accordingly, Defendants argue that this matter should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(m).

On January 4, 2008, the Court ordered that summons be issued for each of the Defendants and that the U.S. Marshal serve copies of Plaintiff's Petition for Writ of Habeas Corpus and that the Amended Complaint upon each Defendant (#28). On January 10, 2008, summonses were returned executed for Jim Lee (#31), Matt Miller (#32), Linda Sanders (#34), K. Hunter (#35), and Richard Wells (#37). On January 14, summons was returned executed for the United States Attorney General (#38). On January 15, 2008, summons was returned executed for Defendant Cross (#36). Summonses have been returned both executed and unexecuted for K. Norman (#33 and #39). Accordingly, the Court concludes that Defendants' motion to dismiss (#41) should be DENIED.

With regard to Defendant Norman, Defendants correctly state that more than 120 days have passed since service was returned unexecuted for Defendant Norman. It is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the Court and the U.S. Marshal Service with proper service addresses for defendants. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). See also FED. R. CIV. P. 4(m) (providing that a Court may *sua sponte* dismiss a defendant if he or she is not

---

[1] The Court notes that this information is not part of the record in this case and, therefore, will not be considered in ruling on this motion.

served within 120 days of the filing of the complaint). However, Federal Rule of Civil Procedure 4(m) also provides that the Court may allow a party additional time to serve a Defendant. In this case, Plaintiff should be allowed additional time to serve Defendant Norman.

## III.     Conclusion:

The Court recommends Defendants' motion to dismiss (#41) be DENIED and that Plaintiff's time to serve Defendant Norman be expanded until September 15, 2008.

DATED this 2nd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE