IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DONALD ATKINSON**                                                                                    **PLAINTIFF**
Reg # 23588-044

v.                              CASE NO.: 2:07CV00009-SWW/BD

**LINDA SANDERS**, *Warden*,
*FCI-Forrest City, Arkansas*                                                                          **DEFENDANT**


**RECOMMENDED DISPOSITION**

**I**.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

On January 23, 2007, Plaintiff, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (docket entry #1) and paid the $5.00 statutory filing fee in full. The Court converted his case to one brought under 42 U.S.C. § 1983, challenging a condition of Plaintiff's confinement (#3). On July 5, 2007, Plaintiff was granted leave to proceed *in forma pauperis* and was ordered to file an Amended Complaint within 30 days (#6). Plaintiff was notified that failure to comply with the Court's order could result in dismissal of his case.

On November 28, 2007, the Court dismissed Plaintiff's case for failing to comply with the Court's Order (#20). On December 5, 2007, Plaintiff filed an Amended Complaint in this matter (#23). The Court then reopened the case and vacated the Order of dismissal (#26).

In his Amended Complaint, Plaintiff states that he was assigned to UNICOR as his place of prison employment at all times relevant to this case. He claims that Defendants conspired to discriminate against him based on his race and to secure his discharge from UNICOR. Plaintiff also argues that Defendants retaliated against him in order to terminate his work assignment at UNICOR. Further, Plaintiff alleges that Defendants deprived him of opportunities to work overtime, subjected him to harassment, and created a hostile work environment for Plaintiff at UNICOR. Plaintiff requests both monetary damages and injunctive relief.

Defendants Linda Sanders, Matt Miller, Jim Lee, Cross, K. Norman, K. Hunter and Richard Wells have now filed a motion to dismiss or, in the alternative, a motion for summary judgment (#41). The Court previously notified Plaintiff that it could construe the motion as a motion for summary judgment and provided Plaintiff additional time to respond (#58). Plaintiff requested additional time to file his response (#64), and the Court granted Plaintiff's motion (#65). Plaintiff has failed to respond to Defendants' motion.

In the motion, Defendants argue that Plaintiff's claims against Defendant Norman should be dismissed because Plaintiff failed to serve Defendant Norman in accordance with the Federal Rules of Civil Procedure. In addition, Defendants contend that Plaintiff's claims against Defendants Sanders, Lee, and Hunter must be dismissed because respondeat superior is not a basis for liability in a *Bivens* action.[1]  See *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Further, Defendants contend that: (1) Plaintiff claims against Defendants in their official capacities are barred by sovereign immunity; (2) Plaintiff has failed to state an actionable civil conspiracy claim; (3) Plaintiff has failed to state a claim under the Eighth Amendment; (4) Plaintiff has failed to establish that he was discriminated against based

---

[1] In his Amended Complaint, Plaintiff alleges that Defendants Sanders, Lee, and Hunter either were personally involved in, or aware of, the alleged constitutional violations. Accordingly, Plaintiff is not attempting to hold these Defendants liable based upon respondeat superior and the Court finds that Defendants are not entitled to summary judgment on that basis.

3

upon his race; (5) Plaintiff has failed to establish that he was subjected to a hostile work environment; (6) Plaintiff's retaliation claim is time-barred; and (7) Plaintiff failed to fully exhaust his administrative remedies as required by the Prison Litigation Reform Act.[2]

### III. Discussion:

#### A.   *Defendant Norman*

Defendants argue that Defendant Norman has not been served in accordance with the Federal Rules of Civil Procedure and that Plaintiff's claims against Defendant Norman should be dismissed. The Court agrees.

On January 4, 2008, the Court ordered that summons be issued for each of the Defendants and that the U.S. Marshal serve copies of Plaintiff's Petition for Writ of Habeas Corpus and that the Amended Complaint upon each Defendant (#28).

---

[2] Because the Court finds that Defendants are entitled to summary judgment on the merits of Plaintiff's claims, it will not provide a full analysis of Defendants' statute of limitations or exhaustion argument. However, the Court notes that in his Amended Complaint, Plaintiff repeatedly alleges that Defendants did not respond to his grievances in a timely fashion rendering exhaustion impossible. As a result, Plaintiff created a genuine issue of material fact on exhaustion precluding summary judgment on that basis. See *Jackson v. Rouse*, 2008 WL 4102662 (E.D. Ark. 2008) ("[a]n administrative remedy that is not 'available' need not be exhausted prior to filing a lawsuit"). Further, with regard to Defendants' argument that Plaintiff's claims are time-barred, the attachments to Defendants' motion indicate that Plaintiff received responses to his administrative appeals as late as February 16, 2006. Plaintiff filed this action on January 23, 2007. Accordingly, it falls well within the three-year statute of limitations. See *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790 (1980); *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991).

Defendant K. Norman has not been served with the Amended Complaint and summons (#39), even though the Court has provided Plaintiff additional time to serve Defendant Norman (#46). At this time, more than 120 days have passed since service was returned unexecuted for Defendant Norman and the extension granted for service has expired. It is the responsibility of a prisoner proceeding pro se and *in forma pauperis* to provide the Court and the U.S. Marshal Service with proper service addresses for defendants. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). See also FED. R. CIV. P. 4(m) (providing that a Court may *sua sponte* dismiss a defendant if he or she is not served within 120 days of the filing of the complaint). As a result, all claims against Defendant Norman should be dismissed without prejudice.

  B. *Defendants Sanders, Miller, Lee, Cross, Hunter, and Wells*

  1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of*

*Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    2.    <u>Official Capacity Claims</u>

Plaintiff has requested monetary damages and injunctive relief against Defendants in their official capacities. Defendants correctly state that an action against a federal employee in his official capacity is a suit against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct 996 (1994). It is well settled that the United States is immune from suit for damages unless it has consented to suit. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Plaintiff has not pleaded, nor can he prove that the United State have waived its sovereign immunity in this case. As a result, Plaintiffs claims for monetary damages against Defendants in their official capacities should be dismissed.

Further, although a plaintiff may bring suit against a federal employee in his official capacity for injunctive relief, here Plaintiff's request for injunctive relief is now moot. In his Amended Complaint, Plaintiff requests that his employment at UNICOR be

reinstated. However, Plaintiff is no longer incarcerated at Forrest City Low. Plaintiff is now housed at FPC Millington in Millington, Tennessee (#61). As a result, Plaintiff's claims for injunctive relief against Defendants in their official capacities also should be dismissed.

    3.    <u>Equal Protection</u>

Plaintiff's race discrimination claim is premised on the equal protection component of the Fifth Amendment which prohibits the government from invidiously discriminating between individuals or groups. *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693 (1954). "Although the fifth amendment does not contain an express 'equal protection' clause, it is [] settled that the concept of due process of law prohibits the federal government from discriminating against any person on such irrelevant and invidious grounds as race, color, religion, or national origin." *Johnson v. Alexander*, 572 F.2d 1219, 1220 (8th Cir. 1978)(relying upon *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040 (1976)). "Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) (citing *Washington v. Davis*, *supra,* and *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265-66, 97 S.Ct. 555 (1977)). "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any

legitimate penal interest." *Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)).

In his Amended Complaint, Plaintiff states that Defendants Cross and Lee "created a hostile work environment by practicing racial discrimination in job assignments and overtime work assignments" (#23 at p.3). However, Plaintiff fails to include any specific factual allegations to support such a statement. Although Plaintiff alleges that Defendant Lee denied Plaintiff's request to be removed from Defendant Cross's work detail after a white inmate was permitted to transfer, Plaintiff fails to state whether Defendant Lee was the individual who permitted the white inmate's transfer or whether the white inmate was similarly situated to Plaintiff. See *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999) (holding that equal protection analysis begins by asking whether inmate has shown that he has been treated differently from others similarly situated).

To survive summary judgment, Plaintiff must identify affirmative evidence from which a jury could find proof of a racially discriminatory motive. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (citing *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S.Ct. 1584 (1998)). Here, Plaintiff has failed to provide such proof. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's equal protection claim.

4.      Conspiracy

Plaintiff claims that Defendants conspired to secure Plaintiff's discharge from UNICOR. However, his conclusory allegations of conspiracy fail to state a cognizable constitutional claim as a matter of law. The Eighth Circuit has held that a party must plead conspiracy allegations with sufficient specificity and factual support to suggest a meeting of the minds. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988). Here, Plaintiff has not set forth specific facts suggesting that the Defendants had a meeting of the minds and acted in concert to deprive him of such constitutional rights. Instead, he merely makes conclusory allegations without any factual support.[3]

Further, there is no evidence that the alleged conspiracy violated any of Plaintiff's constitutional rights. See, *e.g.*, *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999) (requiring a plaintiff to show that a constitutional deprivation occurred in order to prove a § 1983 conspiracy claim). Although Plaintiff claims that Defendants conspired against him in order to either force Plaintiff to quit his employment at UNICOR or to have Plaintiff terminated, an inmate does not have a constitutional right to a particular job assignment in prison. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994). In addition, as the Court previously addressed,

---

[3] Plaintiff seems to rely upon Defendants' alleged failure to process Plaintiff's grievances in a timely fashion to support his conspiracy claim. However, such allegations fall short of establishing a meeting of the minds among the alleged conspirators to secure Plaintiff's termination from UNICOR.

although Plaintiff mentions racial discrimination in his Amended Complaint, his Amended Complaint is void of any facts to support an equal protection claim. Because Plaintiff cannot show that a constitutional deprivation occurred, he cannot prove an actionable conspiracy against him.

    5.    <u>Retaliation</u>

To establish a prima facie case for retaliation, Plaintiff must show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) his exercise of a protected right was the motivation for the discipline. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiff bears a heavy evidentiary burden to establish a prima facie case. *Id.* (citing *Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 n. 1 (8th Cir. 1985)). Plaintiff cannot withstand a motion for summary judgment merely by alleging that an act was retaliatory. *Id.* (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)).

Plaintiff claims that Defendants retaliated against him for filing administrative grievances by charging him with a false disciplinary; however, Defendants have shown that the disciplinary measures in question were supported by officer reports (#55 at p.22-23). Plaintiff does little more than deny Defendants' assertions and allege that the discipline was, in fact, retaliatory. A retaliation claim is precluded if punishment was imposed based on an actual violation of prison rules and Defendants show "some evidence" that the inmate actually committed the alleged rule violation. *Earnest v.*

10

*Courtney*, 64 F.3d 365, 367 (8th Cir. 1995) (per curiam). Plaintiff has failed to present any triable issue of fact regarding his discipline. Accordingly, this claim should be dismissed.

    6.    <u>Eighth Amendment Claim</u>

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. In his Amended Complaint, Plaintiff states that Defendants did "conspire . . . to deprive Plaintiff [] of rights secured to him under the Fifth and Eighth Amendments to the Constitution of the United States of America" (#23 at p.3). However, beyond this statement, Plaintiff fails to make any specific allegations as to how any of the Defendants acted to violate his Eighth Amendment rights. As a result, Plaintiff's claim fails as a matter of law.

    7.    <u>Hostile Work Environment</u>

Plaintiff uses the phrase "hostile work environment" throughout his Amended Complaint. However, he does not assert a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Plaintiff's "hostile work environment" claim essentially rests on his allegation that Defendants "engaged in horseplay, and encouraged and permitted other inmates . . . to engage in horseplay at Plaintiff's expense . . . for the purpose of embarrassing and humiliating the Plaintiff" (#23 at p.3).[4] Defendants have moved for

---

[4] Plaintiff also claims that Defendants spread false rumors about Plaintiff engaging in "deviant sexual activity," assigned him to "undesirable jobs," and locked him outside during cold weather (#23 at p.3 and p.7).

11

summary judgment on this claim on the basis that Plaintiff has failed to allege that Defendants' conduct was "sufficiently severe or pervasive to alter the conditions of the [Plaintiff's] employment and create an abusive working environment." *Tuggle v. Mangan*, 348 F.3d 714, 720 (8th Cir. 2003). Because Plaintiff has not sufficiently alleged a Title VII claim in his Complaint, nor has Plaintiff established that he is an "employee" for purposes of Title VII, an analysis of Plaintiff's "hostile work environment claim" is not necessary.[5] See *Battle v. Minnesota Dept. Of Corrections*, 40 Fed Appx. 308, 310 (8th Cir. 2002) (unpublished) (per curiam) (relying upon *Williams v. Meese*, 926 F.2d 994 (10th Cir. 1991)). Further, although Plaintiff may bring a claim for invidious discrimination under the equal protection component of the Fifth Amendment, the Court previously found that Plaintiff has failed to state an actionable equal protection claim.

## IV. <u>Conclusion</u>:

The Court recommends that Defendants' motion for summary judgment (#54) be GRANTED. Plaintiff's claims against Defendant Norman should be dismissed without

---

[5] "The elements of a prima facie hostile-work-environment claim are: 1) the employee is a member of a protected group; 2) [ ]he was subject to unwelcome harassment; 3) there was a causal nexus between the harassment and [his] membership in the protected group; 4) the harassment affected a term, condition, or privilege of employment; and, in a case alleging harassment by non-supervisory employees, 5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action." *Turner v. Gonzales*, 421 F.3d 688, 695 (8th Cir. 2005) (citing *Carter v. Chrysler Corp.*, 173 F.3d 693, 700 (8th Cir. 1999)).

prejudice. Plaintiff's claims against Defendants Sanders, Miller, Lee, Cross, Hunter, and Wells should be dismissed with prejudice.

DATED this 22nd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE